```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| INTERSTATE SALES OF<br>NEW JERSEY LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>TIMBERWOLF ORGANICS, INC.,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 08-6054<br>(JEI)<br><br>**MEMORANDUM ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT**<br>**(Docket Entry #8)** |

**APPEARANCES:**

CONNELL FOLEY, LLP
By: Peter Joseph Pizzi, Esq.
85 Livingston Avenue
Roseland, NJ 07068
   Counsel for Plaintiff

HOLLAND & KNIGHT, LLP
By: David J. Harrington, Esq.
195 Broadway
24th Floor
New York, NY 10007
   Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter having appeared before the Court on the Motion for Summary Judgment by Plaintiff Interstate Sales of New Jersey LLC ("Plaintiff"), and it appearing that:

    1. On December 10, 2008, Plaintiff initiated this action against Defendant Timberwolf Organics, Inc. ("Defendant") via a Complaint asserting four claims for relief, captioned as: (1) Goods Sold and Delivered; (2) Book Account; (3) Quantum Meruit/Unjust Enrichment; and (4) Breach of Contract.

2. The Complaint demanded judgment against Defendant "in the amount of $244,999.15, together with interest, attorney's fees and costs of suit, and for such further and other relief as the Court may deem necessary and just." (Compl. 4.)

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

4. On February 10, 2009, Plaintiff moved for summary judgment, arguing that Defendant undisputedly failed to tender payment for certain goods sold and delivered by Plaintiff to Defendant. (Pl. Br. 1.) Plaintiff requested that this Court enter judgment against Defendant "in the amount of $244,999.15, plus reasonable attorneys fees and costs of collection." (Pl. Br. 8.)

5. On March 2, 2009, Defendant filed an opposition brief to Plaintiff's summary judgment motion. As stated in that brief, "Defendant does not contest that it owes Plaintiff $244,999.15 for goods purchased and does not contest that this issue is ripe for summary judgment[]" and opposed Plaintiff's motion "only to the extent that Plaintiff seeks reasonable attorney's fees." (Def. Br. 1.) Defendant concluded by urging this Court to "deny Plaintiff's Motion to the extent it seeks to collect reasonable attorney's fees from Defendant." (Def. Br. 4.)

6. Also on March 2, 2009, Defendant filed a statement of

material facts pursuant to Local Civil Rule 56.1. Therein, Defendant admitted "that the total amount due and owing from Defendant to Plaintiff is $244,999.15, plus costs of collection" but denied owing Plaintiff attorney's fees. (Def. R. 56.1 Stmt. ¶ 4.)

7. On March 4, 2009, Plaintiff filed a reply brief, wherein it withdrew the portion of its summary judgment which sought an award of counsel fees. (Pl. Reply Br. 1.) As stated in its reply, Plaintiff "only asks for entry of judgment in the amount of $244,999.15, the amount which [Defendant] stipulates is due and owing." (Pl. Reply Br. 1.)

8. Under Rule 56(c), "summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Startzell v. City of Phila.*, 533 F.3d 183, 192 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

9. In this case, there is no genuine issue as to whether a sum of $244,999.15 is due and owing from Defendant to Plaintiff. Hence, Plaintiff is entitled to summary judgment.

And for good cause appearing;

**IT IS** on this   18   th day of March, 2009,

**ORDERED THAT**:

1.  Plaintiff's Motion for Summary Judgment is hereby **GRANTED** and Judgment shall be entered herewith against Defendant and in favor of Plaintiff in the amount of $244,999.15.

2. The Clerk of Court is hereby directed to **CLOSE** this case.

  s/  Joseph E. Irenas  
**JOSEPH E. IRENAS, S.U.S.D.J.**